## 702. LYON *v.* LOUGEE *et al.*

In a suit to recover damages for breach of contract, where the terms of the contract, construed in connection with the allegations of the petition, show no breach, the court, on demurrer, properly dismissed the petition.

Action for breach of contract, from city court of Atlanta— Judge Reid. June 10, 1907.

Argued November 26, 1907.—Decided February 24, 1908.

*Moore & Pomeroy,* for plaintiff.

*Tye, Peeples, Bryan & Jordan,* for defendants.

HILL, C. J.   Lyon brought suit to recover damages for breach of contract, against Lougee & Zimmer, a firm composed of George A. Lougee and Will V. Zimmer; and Lougee & Howe, a firm composed of George A. Lougee and Willis Howe.   The petition alleges, in substance, that Lougee & Zimmer are the proprietors of the New Kimball Hotel, and that Lougee & Howe were the proprietors of said hotel in 1904; that during the year 1905, the firm of Lougee & Howe was dissolved and was succeeded by Lougee & Zimmer, W. V. Zimmer taking the place in the firm formerly occupied by Willis Howe.   The petition specifically alleges, that the firm of Lougee & Zimmer assumed all the obligations of the firm of Lougee & Howe, relating to the operation of said hotel, including the contract for breach of which suit is brought.   The contract under consideration is as follows:

"Atlanta, Ga., Nov. 15th, 1904.

"Messrs. Lougee and Howe, Lesses Kimball House, City.

"Gentlemen:   Confirming our verbal agreement of last evening, I beg to set forth herewith my understanding with regard to register contract.   I agree to furnish you with a sufficient number of registers for the Kimball House, of the same style, size, and quality they are using at the present time, for a period of five (5) years, beginning May 1st, 1905, free of cost to you.   And for this you allow me the exclusive rights to all advertisements appearing on your registers for the above-stated period of five (5) years. This right is granted without compensation to you, except furnishing you the registers free of cost.   .   .   Very truly yours, J. L. Lyon."   "Accepted.   Lougee and Howe, Lessees."

It is specifically alleged that the firm of Lougee & Howe complied with their contract, until it was succeeded by Lougee & Zimmer, but that when the latter firm took charge of said hotel, petitioner was notified verbally and in writing by W. V. Zimmer of said firm that it would not continue to use said registers after July 1, 1906, and not to incur any expense in procuring advertisements for future registers.   It is alleged that this refusal to receive and use said registers constituted a breach of the contract,

by which petitioner was damaged $2,400 as set forth in his petition. Lougee & Zimmer and George A. Lougee demurred generally and specially. The defendant Willis Howe was not served, and did not appear. On the hearing, the petition was voluntarily dismissed as to Lougee & Zimmer; and the court sustained the general demurrer of Lougee, in the following order: "There was no contract between plaintiff and Lougee & Zimmer; and as I construe the contract, there was no breach of it by Lougee & Howe; and the plaintiff electing to dismiss as to Lougee & Zimmer, the general demurrer is sustained, and the case dismissed as to Lougee & Howe, with judgment against plaintiff for costs." Plaintiff excepts to this judgment.

By reference to the allegations of the petition, it will be seen that the specific breach of the contract, as alleged, is the refusal of Lougee & Zimmer to receive and use the registers in the Kimball House, according to the terms of the contract made with Lougee & Howe. It is also specifically alleged that the firm of Lougee & Zimmer assumed the obligations of this contract when they became the proprietors of the hotel as the successors of Lougee & Howe. And it is alleged that the defendants Lougee & Howe did fully comply with the terms of the contract while they were the proprietors of the hotel. When, therefore, the petitioner dismissed the petition as to Lougee & Zimmer, such dismissal carried with it the only allegation of the breach of the contract as therein set forth. And the judgment dismissing the petition as to Lougee & Howe might well be sustained on the ground that the petition contained no charge of the breach of the contract by said defendants. Counsel for plaintiff in error contends that the contract was broken by Lougee & Howe when they transferred the lease of the hotel to Lougee & Zimmer, as this act put it out of their power to perform the contract. This is not the allegation of the breach; for it is expressly alleged that the refusal by Lougee & Zimmer to accept and use the registers constituted the breach; and this contention is inconsistent with the allegations that Lougee & Howe complied with the contract when they had charge of the hotel, and that Lougee & Zimmer, when they succeeded them, assumed the obligations of the contract. We think that when Lougee & Howe ceased to operate the Kimball House their obligations under the contract ended.         *Judgment affirmed.*